FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JUN -6 P 3: 18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

ANNIE MERLE PHILLIPS MOORE and
EARNEST EUGENE MOORE,

    Plaintiffs,

        vs.

STRYKER CORPORATION, a Michigan
corporation, HOWMEDICA OSTEONICS
CORP., a Michigan corporation, and
STRYKER SALES CORPORATION, a
Michigan corporation,

    Defendants.

CIVIL ACTION NO.
CV 312-014

**O R D E R**

In the captioned matter, Defendants Stryker Corporation and Stryker Sales Corporation and Defendant Howmedica Osteonics have filed motions to dismiss Count III of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have not opposed the motions. Upon due consideration, Defendants' motions to dismiss Count III of the complaint are **GRANTED**.

**I. BACKGROUND**

In this product liability case, Plaintiffs Annie Marie Phillips Moore and Earnest Eugene Moore claim that on or about December 4, 2008, Mrs. Moore received an artificial hip, which

was designed, manufactured and marketed by Defendants in whole or in part. (Compl. ¶ 6.) Plaintiffs refer to the type of artificial hip at issue as the "Trident System." (Id. ¶ 7.) According to Plaintiffs, in January 2010, the Trident artificial hip suddenly broke in Mrs. Moore's body, causing her to fall. (Id. ¶ 9.) Mrs. Moore required surgery to remove broken hardware from her body and to repair the Trident artificial hip. (Id. ¶ 10.) Plaintiffs seek compensatory damages, punitive damages, attorney's fees and costs. Mr. Moore also seeks damages for his loss of consortium.

The complaint sets forth three substantive state law claims on behalf of Mrs. Moore. Count I is a strict product liability claim, and Count II is negligence claim. Count III alleges a breach of express warranty – this count is the subject of Defendants' dismissal motions.

## II. LEGAL STANDARD ON A MOTION TO DISMISS

Defendants argue that the allegations in Count III of Plaintiffs' complaint fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss under

Rule 12(b)(6), the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009). A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 1940 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. LEGAL ANALYSIS

In Count III of the complaint, Plaintiffs allege that "Defendant[s] expressly warranted that the product was free of manufacturing defects . . . and safe for its intended purpose

and complied with FDA pre-market approval specifications." (Compl. ¶ 59.) Plaintiffs allege that these representations were made via public assurances, product labels and information, and promotional material. (Id. ¶ 60.) Finally, Plaintiffs allege that Defendants breached the express warranty provided by FDA-approved labeling. (Id.)

Defendants argue that this claim must fail because Plaintiffs have not alleged sufficient facts to show they were in privity with any of the Defendants. Rather, Plaintiffs allege that the Trident System was sold to medical professionals and that the medical professionals implanted the device into Mrs. Moore. (Id. ¶¶ 6, 42.)

Georgia law requires contractual privity for claims of express warranty "except as provided by O.C.G.A. § 11-2-318 and except where the warranty 'clearly extends to some identifiable third person,' meaning a third party beneficiary." American Coach Lines of Orlando, Inc. v. North Am. Bus Indus., Inc., 2010 WL 3958692 (M.D. Fla. 2010) (citing Stewart v. Gainesville Glass Co., 233 Ga. 578, 578 (1975). Plaintiffs have not filed a response to the motions to dismiss. Thus, they have not contravened the applicable law nor showed either that an exception applies or the required privity for a claim of breach of an express warranty. Plaintiffs have therefore failed to state a claim for breach

4

of an express warranty.

### IV. CONCLUSION

Upon the foregoing, Defendants' motions to dismiss (doc. nos. 6 and 9) are **GRANTED**. Count III of the complaint is hereby **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this 1st day of June ~~May~~, 2012.

_____
UNITED STATES DISTRICT JUDGE